IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRIAM WEALER | : |
| and | : |
| CANDACE McCOY | : |
| Plaintiffs | : CIVIL ACTION NO.: |
| v. | : |
| COMMUNITY YOUTH & WOMEN'S ALLIANCE, INC. | : |
| | : JURY TRIAL DEMANDED |
| and | : |
| BOARD OF DIRECTORS OF COMMUNITY YOUTH & WOMEN'S ALLIANCE, INC. (Individually and/or Collectively) | : |
| Defendants | : |

## COMPLAINT

Plaintiffs, Miriam Wealer and Candace McCoy, by and through their undersigned counsel, Gallagher Law Group, P.C., files this Complaint against defendant, Community Youth and Women's Alliance, Inc., along with its Board of Directors as configured on June 24, 2019 (individually and/or collectively), and in support thereof avers as follows:

**I.    THE PARTIES**

1.      Ms. Wealer is an adult individual who was born on February 5, 1951, residing at 160 Cedar Knoll Road, Coatesville, PA 19320.

2.      Ms. McCoy is an adult individual who was born on May 22, 1953, residing at 160 Cedar Knoll Road, Coatesville, PA 19320.

3. Community Youth and Women's Alliance ("CYWA") is upon information and belief a business entity (a 501(c)(3) entity) organized, existing and licensed to do business in Pennsylvania with its principle place of business at 423 Lincoln Highway, Coatesville, PA 19320.

4. Insofar as the Board of Directors defendants (collectively hereinafter "the Board") are concerned, plaintiffs are not certain they know the name of all such members who were sitting on the Board as of June 2019, when the decision was made to terminate plaintiffs.

5. At this time, plaintiffs believe, and therefore aver, that the following were members of the Board as of June 24, 2019:

- Reverend Sherry M. Deets (Secretary);
- Debbie Bookman (Secretary);
- Carmen Green (President);
- Mia Purnell (Board Member);
- Reverend Eric Mcadams (Board Member); and,
- Esther Brown (Board Member).

6. Plaintiffs reserve the right to amend the identification of any Board members during the discovery process in this matter.

7. Plaintiffs believe, and therefore aver, that the members of the Board of Directors aided and abetted in the decision to terminate plaintiffs because they collectively urged that such terminations be undertaken following a meeting of the Board taking place on June 19, 2019.

II. **JURISDICTION**

8. The Court has jurisdiction over this matter by its authority to hear cases arising under the laws of the United States pursuant to 28 U.S.C. §1331, and the specific jurisdictional

provisions found within, *inter alia*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*, ("ADEA").

9. The Court has jurisdiction over the state law claim set forth herein, for age discrimination in violation of Pennsylvania law, pursuant to 28 U.S.C. §1367(a), as such claim is closely related to the claims in the action within the Court's original jurisdiction.

10. On Monday December 23, 2019, plaintiffs filed timely Charges of age and disability discrimination against CYWA and the Board, alleging violations of state and federal law ("the Charges").

11. The Charges were filed with the Equal Employment Opportunity Commission ("EEOC"), and dual-filed with the Pennsylvania Human Relations Commission pursuant to the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA").

12. More than sixty (60) days has passed since the filing of the Charges and the filing of this action; hence the plaintiffs' age claims under federal and state law are ripe for adjudication.

13. On June 9, 2020, EEOC issued Right to Sue letters to each of the plaintiffs, thus providing them a right to file this timely action for disability discrimination under federal law.

### III.   VENUE

Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C.S. §1391(b) because, *inter alia*, 1) defendants reside within the Eastern District of Pennsylvania, and 2) the claims arose in the Eastern District of Pennsylvania.

### IV.   BACKGROUND

14. Ms. Wealer began her employment at CYWA in or around 1988, and was employed as its Executive Director when she was terminated without notice, stated reason or cause on or about June 24, 2019 (at which time she was age 68+).

15. Ms. McCoy began her employment at CYWA in or around 1995, and was employed as its Family Center Director when she was terminated without notice, stated reason or cause on or about June 24, 2019 (at which time she was age 66+).

16. CYWA describes itself as follows:

**Purpose**

The CYWA draws into membership, men, women and girls of diverse background and faiths, that together they may gain personal responsibility, dignity and self-esteem to help eliminate poverty and improve the quality of life in our community.

**History**

Founded in the late 1800's by a group of visionary women led by Anna Elizabeth Harlan, the Coatesville YWCA embodied a pioneering spirit that fostered risk taking and engendered bold initiatives to help women.

**Goals**

-Eliminate racism and poverty.
-Provide adequate housing for low- & mid-income families.
-Eliminate barriers to healthy family life.
-Promote life-long recovery from addictions

17. The plaintiffs were known by defendants to have lived together for some time.

18. The plaintiffs were known by defendants to share a close personal relationship which consisted of, *inter alia*, collaborating to raise adopted and/or foster children, for some time.

19. In or around the end of 2018, plaintiff Miriam Wealer, who at that point had been employed by defendants for roughly 30 years, underwent surgery.

20. This resulted in complications that caused plaintiff to take a medical leave from work that commenced in February 2019.

21. The aforesaid medical complications and leave from work prevented plaintiff from returning to work on a full-time regular basis to until in or around late April 2019.

22. Defendants were at all times aware of plaintiff Wealer's medical events and absences resulting therefrom.

23. From time to time during the plaintiff's medical leave of absence, plaintiff McCoy took leave from work to care for Ms. Wealer.

24. Defendants were at all times aware that Ms. McCoy had taken time off of work to care for Ms. Wealer during the time period in question.

25. At no time prior to their terminations were plaintiffs ever warned by defendants about deficiencies or problems with their work performance of fulfillment of their duties.

26. At no time prior to their terminations were plaintiff ever advised by defendants that there were concerns about deficiencies or problems with their work performance of fulfillment of their duties.

27. Although defendants utilized a progressive disciplinary policy requiring "supervisory suggestions," three (3) of which were required prior to termination, that procedure was not utilized where either plaintiff was concerned.

28. At no time prior to their terminations were plaintiff ever informed by defendants that defendants were considering disciplinary action against them.

29. At no time prior to their terminations were plaintiff ever informed by defendants that defendants were considering termination of their employment.

30. Both plaintiffs were fired on the same day, June 24, 2019.

31. Plaintiffs' terminations were carried out separately on June 24, 2019.

32. Present at each termination meeting were the plaintiff in question, Sherry Deets, Jerry McAdams and counsel for the defendants.

33. Neither plaintiff was told anything concerning the reason(s) or alleged reason(s) for their terminations on June 24, 2019.

5

34. Rather, the terminations were announced as *fait accomplis* without any stated cause.

35. At all material times, plaintiff Miriam Wealer had a disability as that term is defined pursuant to Americans With Disabilities Act of 1990.

36. Ms. Wealer's 2019 medical leave and/or medically-related absences was/were a "reasonable accommodation," as that term is defined by the ADA.

37. At all times material hereto, Miriam Wealer was disabled, as that term is defined pursuant to the ADA, or was regarded as disabled by defendants.

38. Upon her return to full-time duties, Ms. Wealer was able to perform her job duties with or without a reasonable accommodation.

39. Subsequent to their termination, plaintiffs' job duties have been fulfilled by persons who are significantly younger than they are (i.e. more than 5 years younger than they were at the time of their terminations).

40. Subsequent to their terminations, plaintiffs' job duties have been fulfilled by persons who are not regarded as disabled by defendants and/or persons who do not reside with a person whose medical condition requires them to seek reasonable accommodations in the form of leave from work pursuant to the ADA.

41. Plaintiff Miriam Wealer believes, and therefore avers, that she was fired in retaliation for exercising her rights under the ADA by taking medical leaves due to her medical condition(s)/circumstances.

42. Plaintiff Candace McCoy believes, and therefore avers, that she was fired in retaliation for exercising her rights under the ADA by taking time off from work to care for Ms. Wealer, with whom she resided.

43. Plaintiff Miriam Wealer believes, and therefore avers, that she was fired because defendants regarded her as having a disability that precluded her from performing her job duties with or without a reasonable accommodation.

44. Plaintiff Candace McCoy believes, and therefore avers, that she was fired because of her close personal relationship, affiliation with and/or co-habitation with Miriam Wealer, whom defendants regarded as disabled and unable to do her job with or without a reasonable accommodation.

45. Alternatively and/or additionally, CYWA's decision to terminate plaintiffs' employment was the result of unlawful mixed motivations, i.e. motivated by one or more unlawful factor(s), including but perhaps not limited to disapproval of plaintiffs' exercise of their rights to reasonable accommodations and/or the perception that Ms. Wealer was unable to perform her duties due to her actual or perceived disability(ies).

46. Plaintiffs allege further and/or alternatively that they were fired because of their age.

47. CYWA's decision to terminate plaintiffs was made with malice aforethought, and reckless disregard for plaintiffs' well-being.

48. As a result of their terminations, each of the plaintiffs suffered, and continue to suffer, a wide array of harm including, but not limited to, loss of income and benefits, along with the loss of the great pleasure of their careers, humiliation, embarrassment, loss of purpose, loss of reputation and loss of life's pleasures, which damages continue at present and which may continue to do so in the foreseeable future.

**COUNT I**
**PLAINTIFFS v. ALL DEFENDANTS**
<u>**Age Discrimination Pursuant to the Age Discrimination Employment Act,**
**29 U.S.C. A. §§ 621, et seq. ("ADEA") and Pennsylvania Human Relations Act,**
**43 P.S. §§ 951-963 ("PHRA")**</u>

49. Plaintiffs hereby incorporate all other paragraphs in this Complaint as though fully set forth at length herein.

50. Plaintiffs were terminated without explanation, legal justification and/or cause.

51. Plaintiffs were more than 40 years of age at the time of their terminations, and thus fell within the protected class of persons under the ADEA and PHRA.

52. During the relevant time periods preceding and following their terminations, plaintiffs' job duties and responsibilities were assumed and fulfilled by various persons, all of whom were at least 5 years younger than plaintiff.

53. Plaintiffs believe, and therefore aver, that they were fired without cause because of their age.

54. Alternatively, CYWA's decision to terminate plaintiff's employment was motivated by one or more unlawful factor(s), including but perhaps not limited to disapproval of plaintiff's age, Ms. Wealer's history of actual or perceived disability and need for reasonable accommodation, their history of seeking reasonable accommodations and/or taking medical leave due to disability and their close personal relationship with one another.

55. Plaintiffs believe, and therefore aver, that the members of the defendant Board individually and collectively aided, abetted, incited, compelled and/or coerced CYWA's decision to terminate plaintiffs based upon unlawful criteria, as set forth above, by acting in complicity with one or more CYWA employees to fabricate bases for termination following a Board meeting taking place on June 19, and by thereafter mandating, encouraging and/or compelling

8

the plaintiffs' terminations by CYWA based upon fabricated, illegitimate and unlawful criteria, and without lawful bases.

56. Defendants' discriminatory philosophies, practices, policies, and conduct were willful and wanton, and otherwise intentional, and violated the ADEA and the PHRA.

57. All of the aforesaid acts were done with malice and reckless disregard of federal civil rights laws.

58. As a result of their terminations, plaintiffs sustained a loss of income and benefits, which continues to this day and will continue into the foreseeable future, along with the great pleasure of their career, humiliation, embarrassment, loss of purpose, loss of reputation and loss of life's pleasures, which damages continue at present and which may continue to do so in the foreseeable future.

**WHEREFORE**, plaintiff, Miriam Wealer and Candace McCoy, respectfully request that this Honorable Court enter judgment on their behalf, and against defendants, Community Youth and Women's Alliance, Inc. and the Board of Directors of Community Youth and Women's Alliance, Inc. (individually and collectively), in an amount sufficient to compensate them for their losses, along with attorneys' fees, costs, liquidated damages and such other relief as Your Honorable Court deems just and appropriate.

## COUNT II
## PLAINTIFFS V. COMMUNITY YOUTH AND WOMEN'S ALLIANCE, INC.
### Disability Discrimination Pursuant to the Americans With Disabilities Act,
### 42 U.S.C. A. §§ 12101, *et seq.* ("ADA")

59. Plaintiff hereby incorporates by reference all other paragraphs of their Complaint as though more fully set forth at length herein.

60. Plaintiffs were terminated without cause.

61. At all times material hereto, plaintiff, Miriam Wealer, suffered from a disability, as defined by the ADA at the time of her termination, and thus fell within the protected class of persons under the ADA.

62. Additionally and/or alternatively, at all times material hereto, plaintiff, Miriam Wealer, was regarded as disabled, as defined by the ADA at the time of her termination, and thus fell within the protected class of persons under the ADA.

63. Notwithstanding the foregoing, Ms. Wealer was at relevant times able to perform her job duties with or without a reasonable accommodation.

64. Defendant terminated plaintiff Miriam Wealer in retaliation for her exercising her rights under ADA.

65. Defendant terminated plaintiff Miriam Wealer because she had a disability as defined by ADA.

66. Defendant terminated plaintiff Miriam Wealer because it perceived that she had a disability that made her unable to perform her essential, day-to-day job duties.

67. During the relevant time periods preceding and following her termination, Ms. Wealer's job duties and responsibilities were assumed and fulfilled by various persons, none of whom were disabled or regarded as disabled by defendant.

68. Plaintiff Miriam Wealer believes, and therefore avers, that she was fired without stated or actual cause because of her disability and/or because CYWA perceived that she was unable to perform her job with or without a reasonable accommodation.

69. Alternatively, CYWA's decision to terminate plaintiff Miriam Wealer's employment was motivated by one or more unlawful factor(s), including but perhaps not limited to disapproval of plaintiff's age and her history of seeking reasonable accommodations in the form of medical leave.

70. At all times material hereto, plaintiff Candace McCoy was known by defendant to enjoy a close personal relationship with Miriam Wealer, and to cohabitate with Miriam Wealer.

71. Plaintiff McCoy from time to time took leave from work during 2019 to care for Ms. Wealer due to the latter's medical condition and complications.

72. Defendant was at all times aware that Ms. McCoy had taken time off of work to care for Ms. Wealer during the time period in question.

73. Plaintiff Candace McCoy believes, and therefore avers, that she was fired in retaliation for exercising her rights under the ADA by taking time off from work to care for Ms. Wealer, with whom she resided.

74. Plaintiff McCoy was fired on the same day as Ms. Wealer, without explanation, legal justification and/or good cause.

75. During the relevant time periods preceding and following her termination, Ms. McCoy's job duties and responsibilities were assumed and fulfilled by various persons, none of whom were disabled or regarded as disabled by defendant.

76. Plaintiff Candace McCoy believes, and therefore avers, that she was fired because of her close personal relationship, affiliation with and/or co-habitation with Miriam Wealer, whom defendants regarded as disabled and unable to do her job with or without a reasonable accommodation.

77. Alternatively and/or additionally, CYWA's decision to terminate plaintiffs' employment was the result of unlawful mixed motivations, i.e. motivated by one or more unlawful factor(s), including but perhaps not limited to disapproval of plaintiffs' exercise of their rights to reasonable accommodations and/or the perception that Ms. Wealer was unable to perform her duties due to her actual or perceived disability(ies).

78. Defendant's discriminatory philosophies, practices, policies, and conduct were willful and wanton, and otherwise intentional, and violated the Americans With Disabilities Act, 42 U.S.C. A. §§ 12101, *et seq.*

79. All of the aforesaid acts were done with malice and reckless disregard of federal civil rights laws.

80. As a result of their terminations, plaintiffs sustained a loss of income and benefits, which continues to this day and will continue into the foreseeable future, along with the great pleasure of their career, humiliation, embarrassment, loss of purpose, loss of reputation and loss of life's pleasures, which damages continue at present and which may continue to do so in the foreseeable future.

**WHEREFORE**, plaintiff, Miriam Wealer and Candace McCoy, respectfully requests that this Honorable Court enter judgment on their behalf, and against defendant, Community Youth and Women's Alliance, Inc., in an amount sufficient to compensate them for their losses, along with attorneys' fees, costs, liquidated damages and such other relief as Your Honorable Court deems just and appropriate.

Date:  10/06/20               GALLAGHER LAW GROUP, P.C.


                    BY:   **/s/ JOHN A. GALLAGHER**
                          John A. Gallagher, Esquire
                          Attorney I.D. No. 61914
                          5 Great Valley Parkway, Ste. 210
                          Malvern, PA  19355
                          (610) 647-5027
                          (610) 647-5024
                          jag@johnagallagher.com